UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY DAUNT, *et al.*,

              Plaintiffs,

    v.

JOCELYN BENSON, in her official
Capacity as Michigan
Secretary of State,

              Defendant.

Case No.: 19-cv-00614-JTN-ESC

Hon. Janet T. Neff

**PLAINTIFFS' RESPONSE TO DEFENDANT'S REQUEST
FOR A PRE- MOTION CONFERENCE**

Defendant filed a Request for a Pre-Motion Conference to file a motion to dismiss. In accordance with the Court's Civil Guidelines, Plaintiffs explain their "substantive grounds … for opposing the proposed motion." *See* Guideline IV(A)(1).

Defendant asserts that Plaintiff's constitutional claims fail because (1) Plaintiffs are not being discriminated against "on the basis of their relationship to, membership of, or participation in political parties or the legislative process," and (2) Plaintiffs "are instead precluded from being members of the redistricting commission on the basis of their apparent conflict of interest." Request at 2. Defendant's arguments are based on an incorrect application of well-founded principles of constitutional jurisprudence and therefore lack merit.

As an initial matter, it is wrong to say that Plaintiffs are not the subject of discrimination based on their constitutionally protected activities. The Supreme Court has made clear that denying a benefit to a person on a basis that infringes his constitutionally protected interests such as free speech, right of association, and the right to petition is a form of discrimination. *See* Compl. at ¶¶ 38-47. Here, Plaintiffs are precluded from serving on the Commission solely because they— or their relatives—each engaged in a form of constitutionally protected activity that fell within one of the exclusionary categories contained in the Michigan amendment that created the Commission.

Further, Defendant appears to argue that the State's exclusion of Plaintiffs is not subject to any constitutional scrutiny whatsoever, asserting that there is no constitutional prohibition on "excluding people as decision-makers based on a conflict of interest." Request at 3. But the Supreme Court has recognized First Amendment protections apply wherever the activity at the core of the exclusion is constitutionally protected, including instances involving alleged conflicts of interest. *E.g., Nevada Comm. On Ethics v. Carrigan*, 564 U.S. 117 (2011) (upholding a conflict of interest recusal rule because of a specific relationship between a public official and an individual

1

representing a developer before the local government).  Here, because the purported conflict of interest is ascribed to Plaintiffs solely because they or their relatives exercised their right to engage in constitutionally protected activity, the State's actions must be scrutinized to determine if there is a vital government interest and a showing that the exclusions are narrowly tailored to achieve it.[1]  Compl. at ¶44.  Justice Kennedy, in his *Carrigan* concurrence, specifically noted that First Amendment issues similar to those raised here were not before the Court there.  546 U.S. at 129.

The exclusion of Plaintiffs from the Commission is not a sufficiently good fit to achieve the State's asserted interest of eliminating partisanship from redistricting.  *See* Compl. at ¶44.  In particular, the categories of individuals ineligible to serve on the Commission is not narrowly tailored to achieve impartiality and does not withstand constitutional scrutiny.  Even a cursory review of the exclusionary categories reveals numerous constitutional problems.

First, there is an inherent inconsistency between the composition of the Commission and the State's asserted interests in excluding Plaintiffs from participating.  Though the State asserts that it sought to address "partisanship," the Commission is designed as a partisan body -- eight of the Commission's 13 members will be affiliated with one of the two major parties.  Request at 2.

Second, Defendant states that the State sought to take "power out of the hands of people with a direct interest in the outcome," but it is not apparent how some of the categories have a direct interest in the outcome.  *Id.*  For example, though the State would exclude an individual who was a candidate for the state legislature four years ago, it is unclear exactly what conflict that

---

[1] Defendant argues excluding Plaintiffs from serving on the Commission "is essentially no different than excluding people from jury duty who have a relationship to the parties or who have a stake in the outcome of the case." Request at 3-4.  Defendant's juror analogy is inapposite, however, because the grounds for exclusion are not based on an individual engaging in constitutionally protected activity, and are not based on any particularly personal interest.  The maps the Commission will consider are future maps and there are provisions that prohibit Commissioners from being candidates for a number of years after enactment of any of the three maps.

former candidate has with future maps. And conversely, an individual who might have extremely strong partisan views who never ran or served in office is not deemed to have a conflict.

Further, the Secretary of State has explained in draft guidance that while paid employees of an elected official, political candidate, campaign, or political action committee are excluded from eligibility, volunteers may be eligible to serve on the Commission because they are not paid for their services. And, those same guidelines state that any individual serving as a paid consultant or employee of a *non-partisan* elected official, non-partisan political candidate or *non-partisan* local political candidate's campaign since August 15, 2014, may not be eligible to serve on the Commission. *Id.* Similarly, although Supreme Court Justices in Michigan are nominated by political parties in a partisan process, they are not excluded from eligibility to serve on the Commission. In short, the State concluded that people affiliated with a particular political party in particular ways are conflicted and unfit to serve, and others are not — in many instances those delineations do not reliably correlate with conflicts of interest, thereby allowing individuals to serve who are less impartial than those who are excluded, and vice versa.

Thus, under the facts alleged and the applicable law, Plaintiffs have plead viable claims that Michigan's constitutional amendments excluding Plaintiff from serving on the Commission violate the First and Fourteenth Amendments of the Constitution. Defendant's proposed motion therefore lacks merit.

Defendants' motion will also unnecessarily delay these proceedings. The application process for the Commission begins on January 1, 2020, and this Court's ruling on Plaintiffs' preliminary-injunction motion is needed imminently. Because such a ruling necessarily includes an analysis of the strength of Plaintiffs' constitutional claims, it makes more sense to proceed immediately to briefing and argument rather than delay for a duplicative motion to dismiss.

August 26, 2019

Respectfully Submitted,

| | |
|---|---|
| **Holtzman Vogel Josefiak Torchinsky PLLC** | **Bursch Law PLLC** |
| | |
| */s/ Jason Torchinsky* | */s/ John J. Bursch* |
| 45 North Hill Drive, S 100 | 9339 Cherry Valley Ave. SE, #78 |
| Warrenton, Virginia 20106 | Caledonia, Michigan 49316 |
| (540) 341-8800 | (616) 450-4235 |
| JTorchinsky@hvjt.law | jbursch@burschlaw.com |
| Attorney for Plaintiffs | Attorney for Plaintiffs |

**Doster Law Offices, PLLC**
*/s/ Eric E. Doster*
2145 Commons Parkway
Okemos, MI 48864
(517) 977-0147
eric@ericdoster.com
Attorney for Plaintiffs