UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY DAUNT, *et al.*,

        Plaintiffs,

   v.

JOCELYN BENSON, in her official
Capacity as Michigan
Secretary of State,

        Defendant.

Case No.: 19-cv-00614-JTN-ESC

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
COUNT MI VOTE'S MOTION FOR LEAVE TO INTERVENE**

## TABLE OF CONTENTS

I.   INTRODUCTION ...........................................................................................................................1

II.  BACKGROUND .............................................................................................................................1

III. ARGUMENT....................................................................................................................................2

A.  VNP's Rights Are Adequately Represented By Defendant. ........................................................4

B.  VNP Does Not Have An Adequate Legal Interest in This Case. .................................................6

C.  VNP's Intervention Would Prejudice the Parties By Creating Undue Delay and Denying the
    Request Would Not Harm VNP ........................................................................................8

IV. CONCLUSION  ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*AFSCME v. Scott*,
 278 F.R.D. 664 (S.D. Ala. 2014) .................................................................................... 4

*Am. Ass'n of People With Disabilities v. Herrera*,
 257 F.R.D. 236 (D.N.M. 2008) ........................................................................... 4, 5, 7, 9

*Assoc. Build. & Contractors v. Perry*,
 16 F.3d 688 (6th Cir. 1994) ........................................................................................... 3

*Athens Lumber Co. v. Fed. Election Comm'n*,
 690 F.2d 1364 (11th Cir. 1982) ..................................................................................... 8

*Bay Mills Indian Cmty. v. Snyder*,
 720 F. App'x 754 (6th Cir. 2018) ............................................................................... 3, 4

*Bradley v. Milliken*,
 828 F.2d 1186 (6th Cir. 1987) ....................................................................................... 9

*Brewer v. Republic Steel Corp.*,
 513 F.2d 1222 (6th Cir. 1975) ....................................................................................... 9

*Buquer v. City of Indianapolis*,
 2013 WL 1332137 (S.D. Ind. Mar. 28, 2013) ................................................................ 6

*Cmty. Vocational Schs. of Pittsburgh, Inc. v. Mildon Bus Lines, Inc.*,
 2017 WL 1376298 (W.D. Pa. Apr. 17, 2017) ................................................................ 3

*Coalition v. Granholm*,
 501 F.3d 775 (6th Cir. 2007) ......................................................................................... 4

*Hollingsworth v. Perry*,
 133 S. Ct. 2652 (2013) ................................................................................................... 7

*Hoots v. Commonwealth of Pa.*,
 672 F.2d 1133 (3d Cir. 1982) ........................................................................................ 3

*In re Wellbutrin XI Antitrust Litig.*,
 268 F.R.D. 539 (E.D. Pa. 2010) .................................................................................... 3

*Johnson v. Mortham*,
 915 F. Supp. 1529 (N.D. Fla. 1995) .............................................................................. 6

*League of Women Voters of Michigan v. Johnson*,
 902 F.3d 572 (6th Cir. 2018) ......................................................................................... 5

*Lee v. Va. Bd. of Elections*,
 2015 WL 5178993 (E.D. Va. Sept. 4, 2015) .............................................................. 8, 9

*Lowery v. Governor of Ga.*,
   506 F. App'x 885 (11th Cir. 2013) ............................................................................. 7

*McDonald v. Means*,
   300 F.3d 1037 (9th Cir. 2002) .................................................................................. 2

*Meek v. Metro. Dade Cty., Fla.*,
   985 F.2d 1471 (11th Cir. 1993) ................................................................................ 6

*Ohio v. Envtl. Prot. Agency*,
   313 F.R.D. 65 (S.D. Ohio 2016) ............................................................................... 9

*One Wis. Instit. v. Nichol*,
   310 F.R.D. 394 (W.D. Wis. Oct. 28, 2015) ............................................................... 6

*Perry v. Schwarzenegger*,
   630 F.3d 898 (9th Cir. 2011) .................................................................................... 3

*Purcell v. BankAtlantic Fin. Corp.*,
   85 F.3d 1508 (11th Cir. 1996) .................................................................................. 3

*Purnell v. Akron*,
   925 F.2d 941 (6th Cir. 1991) .................................................................................... 6

*Stuart v. Huff*,
   706 F.3d 345 (4th Cir. 2013) .................................................................................... 6

*Stupak-Thrall v. Glickman*,
   226 F.3d 467 (6th Cir. 2000) .................................................................................... 9

*United States v. Arizona*,
   2010 WL 11470582 (D. Az. Oct. 28, 2010) ............................................................. 4

*U.S. Postal Serv. v. Brennan*,
   579 F.2d 188 (2d Cir. 1978) ..................................................................................... 6

*United States v. Georgia*,
   19 F.3d 1388 (11th Cir. 1994) .................................................................................. 6

*United States v. North Carolina*,
   2014 WL 494911 (M.D.N.C. Feb. 6, 2014) .......................................................... 8-9

*Williams Island Synagogue, Inc. v. City of Aventura*,
   222 F.R.D. 554 (S.D. Fla. 2004) ............................................................................... 7

*Worlds v. Dep't of Health & Rehabilitative Servs., Fla.*,
   929 F.2d 591 (11th Cir. 1991) .................................................................................. 2

**Rules**

Federal Rule of Civil Procedure 24 .............................................................................................. passim

## I.   INTRODUCTION

Plaintiffs Anthony Daunt et al. submit this memorandum in opposition to the Proposed Intervenor-Defendant's Motion for Leave to Intervene filed by Count MI Vote (d/b/a Voters Not Politicians) (hereinafter "VNP").

Allowing VNP to intervene in this case will unduly delay the progress of the case by adding additional complexity that will be detrimental to the prompt adjudication of the original parties' rights. This detrimental burden is not warranted where VNP lacks its own legal interest, and its other interests are adequately represented by the Michigan Secretary of State. Under these circumstances, the Court's careful consideration provides no justification for granting permissive intervention, though it does counsel in favor of allowing VNP to submit an *amicus* brief. Accordingly, this Court should exercise its discretion to deny VNP's motion to intervene.

## II.   BACKGROUND

On July 30, 2019, Plaintiffs filed this action against Michigan Secretary of State Jocelyn Benson, alleging that certain aspects of the newly created Michigan Citizens Redistricting Commission ("Commission") violated their constitutional rights. Specifically, Plaintiffs allege that the State violated the First and Fourteenth Amendments of the United States Constitution when it excluded Plaintiffs from eligibility to serve on the Commission because they engaged in constitutionally protected activity deemed to be "partisan" in nature. *See* Compl. at ¶¶2-3. The Commission was established by amendments to the State's constitution that were approved by voters through a statewide ballot initiative drafted by VNP for the November 2018 general election ballot. *See id.* at ¶26. Plaintiffs seek declaratory relief declaring the Commission unconstitutional and injunctive relief enjoining the Secretary of State from taking any further steps to administer the Commission. *Id.* at 32; Pl. Mot. for PI.

1

On August 12, 2019, VNP filed a motion to permissively intervene as a defendant under Federal Rule of Civil Procedure 24(b). VNP Mot. ("VNP Mot."). On August 19, 2019, Defendant filed a Request for a Pre-Motion Conference regarding its intended motion to dismiss. On August 22, 2019, Plaintiff's Motion for Preliminary Injunction, and Defendant's Request for a Pre-Motion Conference were held in abeyance.

### III.   ARGUMENT

Federal Rule of Civil Procedure 24(b) provides for permissive intervention where a party timely filed a motion and has "[1] a claim or defense that [2] shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). VNP asserts that it satisfies these two requirements. VNP Mot. at 4. But the Court's inquiry does not end here. This Court must still, "[i]n exercising its discretion … consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights" and any other relevant factors. Fed. R. Civ. P. 24(b)(3). *McDonald v. Means*, 300 F.3d 1037, 1044 n.8 (9th Cir. 2002).

Thus, even where Rule 24(b)'s two threshold requirements are satisfied, the court may refuse to allow intervention. *Worlds v. Dep't of Health & Rehabilitative Servs., Fla.*, 929 F.2d 591, 595 (11th Cir. 1991)) ("'[I]t is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow intervention.'"); *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (same). It is at this stage of the Court's consideration that VNP's request for intervention fails.

In addition, courts consider a number of factors to decide whether to permit intervention, including: the nature and extent of the intervenors' interest, the legal position they seek to advance and its relation to the merits, and whether parties seeking intervention will significantly contribute

2

to full development of the factual issues in the suit and to the just and equitable adjudication of the legal questions. *Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir. 2011) (cleaned up).

Further, though VNP does not request intervention as of right under Fed. Rule Civ. P. 24(a), courts routinely "consider the same facts and circumstances used to determine whether intervention was appropriate under Rule 24(a) to determine whether the court should use its discretion to permit intervention under Rule 24(b)." *Bay Mills Indian Cmty. v. Snyder*, 720 F. App'x 754, 759 (6th Cir. 2018) (district court properly considered the lack of a substantial legal interest and adequate representation by the existing parties in denying motion for permissive intervention); *Cmty. Vocational Schs. of Pittsburgh, Inc. v. Mildon Bus Lines, Inc.*, No. 09-1572, 2017 WL 1376298, at *8 (W.D. Pa. Apr. 17, 2017); *see also Chiles*, 865 at 1215 (affirming denial of intervention motions because movant's interest was adequately represented); *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1513–14 (11th Cir. 1996) (affirming denial intervention motions because interest was too remote to justify intervention); *Hoots v. Commonwealth of Pa.*, 672 F.2d 1133, 1136 (3d Cir. 1982); *In re Wellbutrin XI Antitrust Litig.*, 268 F.R.D. 539, 545 (E.D. Pa. 2010) (citing *Delaware Valley Citizens' Council for Clean Air v. Com. of Pa.*, 674 F.2d 970, 973 (3d Cir. 1982)).

Fed. R. Civ. P. Rule 24(a)(2) affords intervention as of right only if each of the following requirements is satisfied: (1) The application for intervention is timely; (2) The applicant has a sufficient interest in the litigation; (3) The interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) The interest is not adequately represented by an existing party in the litigation.[1]

---

[1] In its motion, VNP notes that in *Assoc. Build. & Contractors v. Perry*, 16 F.3d 688, 690 (6th Cir. 1994), the Sixth Circuit found that a potential intervenor need not have Article III standing to intervene in litigation permissibly. However, the court may still examine the potential intervenor's legal interest in the litigation to consider whether to grant intervention. And if the Court were to consider the issue, it would conclude that VNP lacks standing.

3

These factors counsel against VNP's intervention. VNP's rights are already fully represented by the Defendant, and it does not have an adequate legal interest in the case. Any small benefit that may be derived from allowing intervention is outweighed by the prejudice to the parties from the undue delay that will result, particularly where VNP can submit an *amicus* brief.

### A. VNP's Rights Are Adequately Represented By Defendant.

VNP does not meaningfully dispute that its interests will be adequately represented by the Michigan Secretary of State. Instead, VNP says it has a "unique appreciation" for the purported "important public interest advanced by the constitutional amendment" and a "heightened interest" in defending the Commission. VNP Mot. at 1. VNP argues that this is enough to justify intervention because it is not required to show that that the State will inadequately defend this case to be allowed to participate in the litigation as a *permissive* intervenor. VNP Mot. at 5.

But adequate representation by existing parties is often fatal to permissive intervention. *E.g., Bay Mills Indian Cmty. v. Snyder*, 720 F. App'x at 759 ("[t]he fact that [a proposed intervenor's] position is being represented counsels against granting permissive intervention"); *Coalition v. Granholm*, 501 F.3d 775, 784 (6th Cir. 2007) (affirming denial of permissive intervention; district court properly considered adequate representation by existing parties); *AFSCME v. Scott*, 278 F.R.D. 664, 670 (S.D. Ala. 2014) (denying permissive interventions where the interests of defendant Governor and proposed intervenor were "closely aligned"); *United States v. Arizona*, 2010 WL 11470582, at *4 (D. Az. Oct. 28, 2010) (denying permissive intervention because state senator did "not demonstrate[] that the Governor's defense of [the law] is inadequate, regardless of whether his asserted defenses shares a question of law or fact); *Am. Ass'n of People With Disabilities*, 257 F.R.D. 236, 259 (D.N.M. 2008) (denying permissive intervention in voting rights case; "Defendant is adequately representing any interests the prospective intervenors have in the litigation").

4

Here, the Michigan Secretary of State, Jocelyn Benson, and the Michigan Attorney General, Dana Nessel, have each made their intention to aggressively defend the constitutionality of the Commission clear. On the day this case was filed, Nessel posted a message on Twitter stating that "her office will "VIGOROUSLY" defend the legality of the commission. https://bit.ly/2Zj3tBo. And Benson reportedly made the following statement, "Voters spoke loud and clear last November that they want an independent, citizen-led commission — not partisan politicians — responsible for drawing district lines." "My office will stay focused on engaging the public and encouraging full participation in a transparent application and random selection process for this commission, which has the opportunity to map Michigan's future." Jonathan Oosting, *Republicans sue to block Michigan redistricting commission*. The Detroit News**,** Jul. 30, 2019, https://bit.ly/2GCXcVR.

These statements undermine VNP's claims of a "unique appreciation" for the purported "important public interest advanced by the constitutional amendment" and a "heightened interest" in defending the Commission. *Id.* To the contrary, VNP and the Defendant have identical interests in the purported public interest at stake. *Cf. League of Women Voters of Michigan v. Johnson*, 902 F.3d 572, 579-580 (6th Cir. 2018) (finding abuse of discretion where the district court, among other things, failed to consider the distinctiveness of proposed permissive intervenors' interest in the litigation). *Johnson* is also readily distinguishable because the proposed intervenors in that case were government officials who would be directly impacted by the outcome pending litigation. Here, VNP is a political committee that was a proponent of a ballot measure. There is no ongoing legal role for VNP in the administration of the ballot measure, nor is VNP as a ballot measure committee directly or even indirectly impacted by the outcome of this case.

Further, as just noted, VNP and the Defendant have the exact same objective here—

5

defending the Commission's constitutionality. Accordingly, VNP is not unique at all in its interest or objective with respect to the Commission and the litigation. *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991) ("The burden placed on the would-be intervenor requires 'overcom[ing] the presumption of adequacy of representation that arises when the proposed intervenor and a party to the suit . . . have the same ultimate objective.'"); *United States v. Georgia*, 19 F.3d 1388, 1394 (11th Cir. 1994); *see also Meek v. Metro. Dade Cty., Fla.*, 985 F.2d 1471, 1477 (11th Cir. 1993) ("When applicants for intervention seek to achieve the same objectives as an existing party in the case, that party is presumed to represent the applicants' interests adequately."); *Stuart v. Huff*, 706 F.3d 345, 351 (4th Cir. 2013); *Buquer v. City of Indianapolis*, 2013 WL 1332137, at *5 (S.D. Ind. Mar. 28, 2013) ("[W]here the governmental entity responsible for protecting the interests of intervenors is the party accused of inadequacy, the Seventh Circuit has held that 'the representative party is presumed to adequately represent [the proposed intervenors'] interests.'").

VNP does not argue that Defendant will not adequately represent its interests; it erroneously says that adequate representation does not matter to permissive intervention.[2] VNP Mot. at 5. Because Defendant is poised and prepared to aggressively defend the interest that it shares with VNP, it is unnecessary for this Court to grant VNP permissive intervention.

### B. VNP Does Not Have An Adequate Legal Interest in This Case.

VNP's interest in defending the Commission's constitutionality is not a legal interest

---

[2] "[W]hen intervention of right is denied for the proposed intervenor's failure to overcome the presumption of adequate representation by the government, the case for permissive intervention disappears." *One Wis. Instit. v. Nichol*, 310 F.R.D. 394, 399 (W.D. Wis. Oct. 28, 2015) (citation omitted); *see also U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191–92 (2d Cir. 1978) (quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)) (noting whether intervenor's "interests are 'adequately represented by the other parties'" is a factor in whether to grant permissive intervention); *Johnson v. Mortham*, 915 F. Supp. 1529, 1536–37 (N.D. Fla. 1995) (denying permissive intervention because interests were adequately represented).

derived from some official legal or administrative role; rather, it is merely related to its "profound interest" in redistricting and "its expertise and insights as the drafter and sponsor of the constitutional amendment at issue." VNP Mot. at 3, 5. But mere proponents of particular policies do not necessarily have a legal stake in defending those policies. The U.S. Supreme Court recently held that proponents of an enacted ballot initiative "have no 'personal stake' in defending its enforcement that is distinguishable from the general interest of every citizen of [the State]." *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2263 (2013). And possession of useful knowledge and interest do not provide an adequate legal interest to properly justify permissive intervention in a legal dispute about that issue. *Am. Ass'n of People With Disabilities*, 257 F.R.D. at 259 (denying permissive intervention in voting rights case because "while the proposed intervenors might be able to help develop the factual and legal issues in this case, the Court does not believe that such assistance will outweigh the detriment of increased delay"). Indeed, in a nearly identical case, the U.S. District Court for the Northern District of Florida denied the proponents of a ballot measure related to redistricting intervention in a case challenging an aspect of the ballot measure's administration while allowing them to participate as *amicus*. *Norris v. Detzner*, (N.D. Fla.) (Case No. 3:15-cv-343) (E.C.F. No. 30).

VNP has no role in administering the Commission or enforcing the relevant state Constitutional provisions and therefore no interest sufficient to sustain intervention. *See Lowery v. Governor of Ga.*, 506 F. App'x 885, 886 (11th Cir. 2013) (affirming dismissal of Voting Rights Act case because defendant had "no power to provide any of the relief requested"); *Williams Island Synagogue, Inc. v. City of Aventura*, 222 F.R.D. 554, 557 (S.D. Fla. 2004) (denying intervention as defendant because plaintiff could assert no claim against intervenor), *aff'd sub nom. 2600 Island Blvd. Condo v. City of Aventura, Fla.*, 138 F. App'x 299 (11th Cir. 2005).

7

### C. VNP's Intervention Would Prejudice the Parties By Creating Undue Delay and Denying the Request Would Not Harm VNP

"In exercising its discretion [regarding permissive intervention], the court must consider whether the intervention will create undue delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). VNP makes general assertions that its "participation in this litigation will not result in any delay," VNP Mot. at 5, but these assertions are devoid of further explanation aside from noting that VNP has already provided and answer to the complaint, and it will file a response to Plaintiff's preliminary injunction motion by the due date for the Secretary of State's response, *id.* VNP does not address the inevitable delay and redundancies that result from two defendants separately engaging at each stage of the process. *Athens Lumber Co. v. Fed. Election Comm'n*, 690 F.2d 1364, 1367 (11th Cir. 1982) ("[T]he introduction of additional parties inevitably delays proceedings."). VNP's involvement would almost certainly result in delay and increased litigation costs, and unnecessarily complicate the proceedings where the existing Defendant will already be zealously defending. Under these circumstances, the prejudice to the existing parties outweighs the benefit created by granting VNP's request to intervene.

Further, the prejudice to VNP is slight or nonexistent. As discussed above, the Secretary of State's defense of this action is clearly adequate to represent VNP's interest. Courts have justifiably denied motions to intervene under similar circumstances, and this Court should do so here as well. *E.g., Lee v. Va. Bd. of Elections*, 2015 WL 5178993, at *4 (E.D. Va. Sept. 4, 2015) ("A court did not err in exercising its discretion by denying a motion to intervene when undue delay exist without a corresponding benefit . . . , especially where an existing party zealously pursues the same ultimate objectives as a movant."); *United States v. North Carolina*, 2014 WL 494911, at *5 (M.D.N.C. Feb. 6, 2014) (denying intervention in voting rights case because proposed intervenors would "consume additional and unnecessary judicial resources, further complicate the

discovery process, potentially unduly delay the adjudication of the case on the merits, and generate little, if any, corresponding benefit to the existing parties"); *Am. Ass'n of People With Disabilities*, 257 F.R.D. at 259 (denying permissive intervention in voting rights case because "while the proposed intervenors might be able to help develop the factual and legal issues in this case, the Court does not believe that such assistance will outweigh the detriment of increased delay"). VNP does not even address such delays.

Significantly, if VNP wishes to address specific issues, it can do so as *amicus curiae*. *See Brewer v. Republic Steel Corp.*, 513 F.2d 1222, 1225 (6th Cir. 1975) (affirming lower court's denial of motion for permissive intervention, stating that "participat[ing] in the litigation as an amicus curiae" would give the intervenor "ample opportunity to give the court the benefit of its expertise."); *Stupak-Thrall v. Glickman*, 226 F.3d 467, 477, 471 (6th Cir. 2000) ( "right to participate as *amici curiae* is both meaningful and adequate" for intervenors that have a common "ultimate goal" with a party, even if the intervenors intend to make different arguments); *Bradley v. Milliken*, 828 F.2d 1186, 1194 (6th Cir. 1987) (affirming lower court's denial of intervention under Rule 24(a) and (b) partly because "the district court has already taken steps to protect the proposed intervenors' interests by inviting [counsel] to appear as amicus curiae in the case"); *Ohio v. Envtl. Prot. Agency*, 313 F.R.D. 65, 72 (S.D. Ohio 2016); *Lee*, 2015 WL 5178993, at *5 (denying intervention because "the Court fails to see any benefit that permitting intervention would provide which allowing the proposed intervenors the opportunity to participate as *amici curiae* would not").

Allowing VNP to intervene in this case will provide little benefit beyond what VNP could achieve by participating in this litigation as *amici curiae* and will be a detrimental burden on the existing parties.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court exercise its discretion to deny VNP's Motion for Leave to Intervene.

August 26, 2019                                                                   Respectfully submitted,

**Holtzman Vogel Josefiak Torchinsky PLLC**

*/s/ Jason Torchinsky*
45 North Hill Drive, S 100
Warrenton, Virginia 20106
(540) 341-8800
JTorchinsky@hvjt.law
Attorney for Plaintiffs

**Doster Law Offices, PLLC**
*/s/ Eric E. Doster*
2145 Commons Parkway
Okemos, MI 48864
(517) 977-0147
eric@ericdoster.com
Attorney for Plaintiffs

**Bursch Law PLLC**

*/s/ John J. Bursch*
9339 Cherry Valley Ave. SE, #78
Caledonia, Michigan 49316
(616) 450-4235
jbursch@burschlaw.com
Attorney for Plaintiffs