UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY DAUNT, et al.,

    Plaintiffs,

v.

JOCELYN BENSON,

    Defendant.
_____/

Case No. 1:19-cv-614

HON. JANET T. NEFF

### OPINION AND ORDER

Pending before the Court is an August 12, 2019 Motion to Intervene filed by "Count MI Vote" d/b/a "Voters Not Politicians" (hereinafter referred to as VNP) (ECF No. 11). Defendant Benson filed a response, expressing no opposition to granting the motion (ECF No. 20). Plaintiffs filed a response in opposition (ECF No. 22). For the following reasons, the Court grants VNP's Motion to Intervene.

**I**

On November 6, 2018, the voters in Michigan approved Proposal 18-2, which amended the state's constitution to create an Independent Citizens Redistricting Commission for State Legislative and Congressional Districts ("the Commission"). VNP was the sponsor of that voter-initiated ballot proposal and the drafter of the constitutional amendment.

On July 30, 2019, pursuant to 42 U.S.C. § 1983, Plaintiffs initiated this action against Defendant Jocelyn Benson in her official capacity as Michigan's Secretary of State, requesting this Court (1) declare the Commission "unconstitutional and invalid and the administration of the selection of commissioners a violation of Plaintiffs' constitutional rights" and (2) "enjoin

Defendant and her employees and agents from administering or preparing for the selection of commissioners to serve on the [C]ommission" (Compl., ECF No. 1 at PageID.31). Plaintiffs are fifteen individuals who are allegedly excluded from serving on the Commission (*id.* at PageID.3). Plaintiffs allege that the application process for the new redistricting commission begins on January 1, 2020 (*id.* at PageID.12). Plaintiffs' Complaint was accompanied by a Motion for Preliminary Injunction (ECF No. 4).

Less than two weeks later, on August 12, 2019, VNP filed the motion at bar, seeking to participate as a defendant in this matter. VNP accompanied its motion with a proposed Answer and Affirmative Defenses (ECF No. 12-1). On August 19, 2019, Defendant Benson filed a Request for a Pre-Motion Conference (ECF No. 16), proposing to file a motion to dismiss in lieu of an answer to Plaintiffs' Complaint. This Court issued an Order on August 22, 2019, which, in pertinent part, holds the Motion for Preliminary Injunction and Request for a Pre-Motion Conference in abeyance. The Motion to Intervene is ripe for review.

## II

The right to permissive intervention is governed by Federal Rule of Civil Procedure 24, which provides in pertinent part the following:

> **(b)** **Permissive Intervention.**
>
> **(1)** *In General.* On timely motion, the court may permit anyone to intervene who:
>
> (A) is given a conditional right to intervene by a federal statute; or
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> **(2)** *By a Government Officer or Agency. . . .*

2

>   **(3)**   *Delay or Prejudice.*   In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.
>
> **(c)**   **Notice and Pleading Required.**   A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

FED. R. CIV. P. 24.

VNP argues that its motion satisfies the requirements for permissive intervention because its motion is timely and because it presents a defense that shares common questions of law and fact with the main action (ECF No. 12 at PageID.177-178). Additionally, VNP argues that allowing it to intervene will not result in undue delay or prejudice to the original parties; instead, VNP will offer its expertise and insights as the drafter and sponsor of the constitutional amendment at issue, as the Court considers the issues raised by Plaintiffs' Complaint (*id.* at PageID.178).

In response, Plaintiffs do not dispute that VNP's motion is timely and that VNP presents a defense that shares common questions of law and fact with the main action; rather, Plaintiffs argue that this Court should nonetheless, in its discretion, refuse intervention because VNP's rights are adequately represented by Defendant Benson or, conversely, because VNP does not have an adequate legal interest in this case (ECF No. at PageID.255-258). Plaintiffs suggest that VNP could instead participate as amicus curiae (*id.* at PageID.260).

The requirements for permissive intervention under Rule 24(b) and (c) are satisfied. First, as a threshold matter, a motion for intervention brought within two weeks after the filing of the complaint is timely as a matter of law. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245, 1248 (6th Cir. 1997). Second, there is no dispute that VNP has a defense that shares with the main action a common question of law or fact. Given the timing of the motion to intervene at this early stage of the case, there is also no significant concern that permitting intervention will unduly delay

or prejudice the adjudication of the original parties' rights.  Last, VNP's motion was duly served and accompanied by a proposed Answer and Affirmative Defenses.

The Court further determines that having VNP participate as a party in this action rather than merely as amicus is preferable.  While Plaintiffs assert that VNP's rights are adequately represented by Defendant Benson, the Court is persuaded that having input from both VNP and Defendant Benson, as co-defendants, will be helpful to the Court in analyzing the merits of Plaintiffs' claims.

In sum, the Court, in its discretion, will permit VNP to intervene in this matter as a defendant.  Accordingly:

**IT IS HEREBY ORDERED** that the Motion to Intervene (ECF No. 11) is GRANTED, and the Clerk's Office shall add Count MI Vote d/b/a Voters Not Politicians as a party defendant in this case.

**IT IS FURTHER ORDERED** that Defendant Count MI Vote d/b/a Voters Not Politicians shall, not later than September 5, 2019, file its response to Defendant Benson's Request for a Pre-Motion Conference (ECF No. 16).

Dated:  August  28, 2019

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge