UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Anthony Daunt, *et al.*

    Plaintiffs,

v

Jocelyn Benson, in her official capacity as
Michigan Secretary of State,

    Defendant.

Case No.: 19-cv-00614-JTN-ESC

Hon. Janet T. Neff
Magistrate Judge Ellen S. Carmody

**INTERVENOR-DEFENDANT'S RESPONSE TO DEFENDANT'S
REQUEST FOR A PRE-MOTION CONFERENCE**

On August 19, 2019, Defendant Jocelyn Benson filed a request for a pre-motion conference. (ECF No. 16). On August 28, 2019, the Court granted leave to Voters Not Politicians to intervene in this matter and directed it to respond to Defendant's request for a pre-motion conference by September 5, 2019. (ECF No. 23). Voters Not Politicians concurs in Defendant's request for a pre-motion conference and fully agrees that the allegations of fact and law included in Plaintiff's complaint fail to state a claim upon which relief can be granted.

In fact, similar to Defendant Benson, Voters Not Politicians contends that the Complaint should be dismissed in its entirety. Accordingly, Voters Not Politicians requests that the Court grant permission at the pre-motion conference for Voters Not Politicians to file its own dispositive motion. More specifically, Voters Not Politicians proposes to file a Motion to Dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for Judgment on the

Pleadings pursuant to Fed. R. Civ. P. 12(c).[1] The basis for the motion will be, among other things, that Plaintiffs lack standing, that Plaintiffs have no First Amendment right to qualify for service on the Independent Citizens Redistricting Commission and that there has been no violation of equal protection.[2]

To begin, Plaintiffs have not demonstrated standing because the relief they request would not redress their alleged injury; consequently, Plaintiffs merely assert a generalized grievance shared by all who opposed the approval of Proposal 18-2. As the prayer for relief in the Complaint makes clear, Plaintiffs are not seeking a remedy that would allow them an opportunity to serve on the Commission. Instead, Plaintiffs are seeking to prevent any implementation or use of the Commission to accomplish the purpose that the voters of Michigan intended. This, in turn, provides irrefutable proof that none of the Plaintiffs are asserting an individualized grievance; they are instead asserting, and seeking a remedy for, a generalized grievance shared by everyone who voted "no" on Proposal 18-2.

Article III standing requires a showing of "redressability" – *i.e.*, standing requires proof of "a 'substantial likelihood' that the requested relief will remedy the alleged injury in fact." *Vermont Agency of Natural Resources v. United States, ex rel. Stevens,* 529 U.S. 765; 120 S.Ct. 1858, 1861-1862; 146 L.Ed.2d 836 (2000); see also *Babcock v. Michigan,* 812 F.3d 531, 539 (6th Cir. 2016). The remedy sought in this matter cannot be seen as a remedy for the injury alleged. As such, Plaintiffs have shown that they do not have standing to assert their claim for

---

[1] Because Voters Not Politicians has already filed an answer in this matter, its motion to dismiss will be styled as a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c), rather than a motion under Fed. R. Civ. P. 12(b)(6), as Defendant Benson has proposed. The standard, however, will be the same – that Plaintiff has failed to state a claim upon which relief can be granted.

[2] Voters Not Politicians intends to more fully and completely explain the reasons that Plaintiffs have failed to state a claim in its Motion for Judgment on the Pleadings and the Brief in Support.

the requested relief in this matter. Therefore, Voters Not Politicians proposes to include in its dispositive motion an argument to dismiss the case for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). [3]

With regard to the merits of the constitutional claims, Plaintiffs have not shown any violation of the First Amendment. Mich. Const., art IV, § 6 does nothing more than to exclude from service on the Commission those individuals most likely to have a conflict of interest or the appearance of a conflict of interest. Laws that disqualify individuals with conflicts of interest, or the appearance thereof, from participating in governmental decision making simply do not implicate the First Amendment. See e.g., *Nevada Commission on Ethics v. Carrigan*, 564 U.S. 117; 131 S.Ct. 2343; 180 L.Ed.2d 150 (2011) (rejecting a First Amendment challenge to Nevada's law requiring legislators to recuse themselves from voting on, or advocating for passage or defeat of, matters with which they had a conflict of interest). Indeed, the Supreme Court has specifically acknowledged the importance of limiting the inherent conflict of interest that exists in the redistricting process: "[i]ndependent redistricting commissions . . . have succeeded to a great degree [in limiting the conflict of interest implicit in legislative control over redistricting] . . . by imped[ing] legislators from choosing their voters instead of facilitating the voters' choice of their representatives." *Ariz. State Legislature v. Ariz. Indep. Redistricting Comm'n*, 135 S.Ct. 2652, 2676; 192 L.Ed.2d 2652 (2015) (brackets in original).

---

[3] Although Voters Not Politicians proposes to use its dispositive motion to explain why Plaintiffs lack standing in this case, it also intends to fully address the merits of Plaintiffs' constitutional claims. In doing so, Voters Not Politicians will assume, for the sake of argument, that standing does exist in order to explain the reasons that Plaintiffs' constitutional claims fail. In doing so, Voters Not Politicians will ask the Court to decide the standing issue at the outset, but that even if the Court should decide that standing does not exist, to similarly continue with its analysis and to consider the merits of Plaintiffs' claims.

Furthermore, even if Plaintiffs had identified a cognizable First Amendment interest (and they have not), that interest would be overcome by the state's compelling interest in enforcing the Commission's membership qualifications. Courts have routinely recognized that states have compelling interests advanced by laws limiting government officials' political activities or precluding government service based on prior political activities. See e.g., *Citizens for Legislative Choice v. Miller,* 144 F.3d 916, 923 (6th Cir. 1998) (upholding Michigan's lifetime term limits for state legislators given Michigan's "fundamental interest in structuring its government.")

The constitutional amendment at issue in the case at bar excludes applicants who are officeholders, candidates, or those financially tied to officeholders and candidates. The exclusions are necessary to maintain the integrity of the electoral system by ensuring that districts are drawn in a manner that is based upon partisan fairness and without regard to incumbency. These compelling interests can only be advanced by excluding from the Commission those whose interests are advanced by drawing districts that benefit their own political and financial interests, rather than drawing districts that foster a functioning representative democracy.

With regard to Plaintiffs' equal protection challenge, that claim fails for much the same reasons that their First Amendment claim fails. Plaintiffs rest their equal protection argument on their quibbles with various categories of people who are either permitted or disqualified from serving on the Commission. Plaintiffs, however, do not implicate a cognizable equal protection claim. They are not members of any protected class, nor have they been treated differently based on their exercise of a fundamental right. Simply put, persons excluded from service on

the Commission have a direct or indirect political or pecuniary interest in districting, while others who are permitted to serve do not. As such, Plaintiffs' equal protection claim is meritless.

## CONCLUSION

Intervenor-Defendant Voters Not Politicians respectfully requests that this Honorable Court schedule the pre-motion conference requested by Defendant Benson and as part of the conference that the Court grant Voters Not Politicians leave to file its own motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(c) as discussed above and for the reasons that will be more fully developed in that dispositive motion.

*Respectfully submitted*,

**Fraser Trebilcock Davis & Dunlap, P.C.**
Attorneys for Intervenor-Defendant
Count MI Vote, d/b/a Voters Not Politicians

Dated: September 4, 2019       By: */s/Ryan K. Kauffman*
       Peter D. Houk (P15155)
       Graham K. Crabtree (P31590)
       Jonathan E. Raven (P25390)
       Ryan K. Kauffman (P65357)
       124 W. Allegan, Suite 1000
       Lansing, Michigan 48933
       (517) 482-5800
       rkauffman@fraserlawfirm.com

       AND

       Paul M. Smith (*admission pending*)
       Mark Gaber (*admission pending*)
       Campaign Legal Center
       1101 14th Street N.W., Suite 400
       Washington D.C. 20005

       Annabelle Harless
       73 W. Monroe Street, Suite 302
       Chicago, Illinois 60603

## CERTIFICATE OF SERVICE

    I hereby certify that on September 4, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

*Respectfully submitted*,

**FRASER TREBILCOCK DAVIS & DUNLAP, P.C.**
Attorneys for Intervenor- Count MI Vote
d/b/a Voters Not Politicians

Dated: September 4, 2019    By: */s/Ryan K. Kauffman*
    Ryan K. Kauffman (P65357)
    124 W. Allegan, Suite 1000
    Lansing, Michigan 48933
    (517) 482-5800