UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY DAUNT, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> JOCELYN BENSON, in her official <br> Capacity as Michigan <br> Secretary of State, <br><br> Defendant, <br> and <br><br> COUNT MI VOTE d/b/a VOTERS NOT <br> POLITICIANS, <br> Intervenor-Defendant. <br> _____ <br> MICHIGAN REPUBLICAN PARTY, *et al.* <br><br> Plaintiffs, <br> v. <br><br> JOCELYN BENSON, in her official <br> Capacity as Michigan <br> Secretary of State, <br><br> Defendant, <br> and <br><br> COUNT MI VOTE d/b/a VOTERS NOT <br> POLITICIANS, <br> Intervenor-Defendant. | Case No.:  1:19-cv-614 (Lead) <br><br><br><br><br><br><br><br><br><br><br><br><br> Case No. 1:19-cv-669 (Member) <br><br><br><br> HON. JANET T. NEFF |

**PLAINTIFFS' MOTION FOR A STATUS CONFERENCE**

Plaintiffs Anthony Daunt, Tom Barrett, Aaron Beauchine, Kathy Berden, Stephen

Daunt, Gerry Hildenbrand, Gary Koutsoubos, Linda Lee Tarver, Patrick Meyers, Marian

Sheridan, Mary Shinkle, Norm Shinkle, Paul Sheridan, Bridget Beard, and Clint Tarver, (collectively, "Plaintiffs"), by and through their attorneys, move for a status conference pursuant to Fed. R. Civ. Proc. Rule 7(b).

Plaintiffs brought this action on July 30, 2019, to vindicate their right for equal access to serve on the Citizens Redistricting Commission and prevent further discrimination based on constitutionally protected activities.

Plaintiffs' ability to obtain meaningful injunctive relief is jeopardized as a result of the unresolved Motions to Dismiss. Plaintiffs have filed a Motion for a Preliminary Injunction, and Defendants and Defendant-Intervenors have each filed a Motion to Dismiss and Motion for Judgment on the Pleadings.  These motions are currently pending before this Court and the Court has yet to issue a scheduling order.  Until the pending motions are resolved, Plaintiffs are unable to move their case forward. Accordingly, for these reasons, as well as those set out in Plaintiffs' accompanying Memorandum in Support, Plaintiffs respectfully request a status conference.

Dated: November 7, 2019

Respectfully submitted,

| | |
|---|---|
| **Holtzman Vogel Josefiak Torchinsky PLLC** | **Bursch Law PLLC** |
| */s/ Jason Torchinsky* | */s/ John J. Bursch* |
| 45 North Hill Drive, S 100 | 9339 Cherry Valley Ave. SE, #78 |
| Warrenton, Virginia 20106 | Caledonia, Michigan 49316 |
| (540) 341-8800 | (616) 450-4235 |
| JTorchinsky@hvjt.law | jbursch@burschlaw.com |
| *Attorney for Plaintiffs* | *Attorney for Plaintiffs* |

**Doster Law Offices, PLLC**

*/s/ Eric E. Doster*
2145 Commons Parkway
Okemos, MI 48864
(517) 977-0147
eric@ericdoster.com
  *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants on November 7, 2019.

*/s/ John J. Bursch*

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY DAUNT, *et al.*, <br><br>     Plaintiffs, <br>  v. <br><br> JOCELYN BENSON, in her official Capacity as Michigan Secretary of State, <br><br>     Defendant, <br> and <br><br> COUNT MI VOTE d/b/a VOTERS NOT POLITICIANS, <br>     Intervenor-Defendant. | Case No.: 1:19-cv-614 (Lead) |
| MICHIGAN REPUBLICAN PARTY, *et al.,* <br><br>     Plaintiffs, <br>  v. <br><br> JOCELYN BENSON, in her official Capacity as Michigan Secretary of State, <br><br>     Defendant, <br> and <br><br> COUNT MI VOTE d/b/a VOTERS NOT POLITICIANS, <br>     Intervenor-Defendant. | Case No. 1:19-cv-669 (Member) <br><br><br><br> HON. JANET T. NEFF |

## **PLAINTIFFS' MEMORANDUM IN SUPPORT OF REQUEST FOR A STATUS CONFERENCE**

Plaintiffs brought this action on July 30, 2019, to vindicate their right for equal

access to serve on the Citizens Redistricting Commission and prevent further discrimination based on constitutionally protected activities. With each passing day, selection for the Citizens Redistricting Commission gets closer. Nevertheless, until the pending Motions to Dismiss are resolved, this case remains at a standstill — no scheduling order has been issued and Plaintiffs are unable to move their case forward. Thus, while this case was brought with sufficient time to ensure Plaintiffs could receive their requested remedy, any delays in the Court's consideration of the pending motions pose a significant threat to Plaintiffs' ability to obtain meaningful injunctive relief. Accordingly, Plaintiffs request that the Court set a status conference as soon as is convenient for the Court.

## BACKGROUND

Plaintiffs filed the Complaint and Motion for a Preliminary Injunction in this action on July 30, 2019. ECF No. 1, 4. On August 12, 2019, Defendant-Intervenor filed a Motion for Leave to Intervene, and this Court granted intervention on August 28, 2019. ECF No. 11, 23. On September 19, 2019, Defendant filed an opposition to Plaintiffs' Motion for Preliminary Injunction and a Motion to Dismiss. ECF No. 39, 42. On the same date, Defendant-Intervenor filed an opposition to Plaintiffs' Motion for Preliminary Injunction and a Motion to Dismiss and for Judgement on the Pleadings. ECF No. 31, 33. Plaintiffs filed their opposition to the Motions to Dismiss and for Judgment on the Pleadings on October 3, 2019. ECF No. 57. Defendant and Defendant-Intervenor filed replies to Plaintiffs' opposition on October 10, 2019. ECF No. 60, 61.

## ARGUMENT

Without action from this Court, Plaintiffs' ability to obtain meaningful relief in this case could soon be foreclosed. Plaintiffs have alleged Michigan's eligibility requirements for the Citizens Redistricting Commission violate the First Amendment to the United States Constitution and deny Plaintiffs equal protection of law under the Fourteenth Amendment. As a remedy, Plaintiffs seek a declaration that the exclusionary criteria set forth in Article IV, Section 6(1)(B) and (C) of Michigan's Constitution is unconstitutional and, further, that the entire Commission must be invalidated because the challenged provision is inseparable from the remainder of the provisions establishing and implementing the Commission. Plaintiffs also seek a preliminary injunction directing the Secretary of State to suspend her implementation of all provisions of the Michigan Constitution relating to the Commission.

Plaintiffs' ability to obtain relief is further prejudiced with each step taken to implement the Commission while this case remains in stasis. Indeed, Defendant Benson has already taken several crucial steps towards implementation. Specifically, Defendant Benson initiated public education and outreach programming, opened a public comment period for application language and eligibility guidelines, and made applications to serve on the commission available online. Timeline: Michigan Independent Citizens Redistricting Commission for Fair Elections, (last visited Nov. 5, 2019).[1] Further, Defendant Benson explained in a press release on the State website, "[i]n addition to offering the online application at RedistrictingMichigan.org, the state will hold application workshops,

---

[1] https://www.michigan.gov/documents/sos/Redistricting-Commission-Selection-Timeline_649998_7.pdf

3

coordinate a statewide grassroots education push to promote awareness of the application, and mail tens of thousands of applications to randomly selected Michigan registered voters by Jan. 1, 2020, inviting them to apply to serve on the commission." News Center, (last visited Nov. 5, 2019).[2]

Because Plaintiffs are barred from participation in the Citizens Redistricting Commission, their rights to relief are jeopardized with each step forward. Accordingly, Plaintiffs' interest in obtaining timely relief in this case is significant. Because of the important issues this case presents, Plaintiffs would very much like to promptly move forward with their case to preempt their exclusion from the Citizens Redistricting Commission.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully move for a status conference.

---

[2] https://www.michigan.gov/sos/0,4670,7-127-93094-510835--,00.html

Dated: November 7, 2019

Respectfully submitted,

| | |
|---|---|
| **Holtzman Vogel Josefiak Torchinsky PLLC** | **Bursch Law PLLC** |
| */s/ Jason Torchinsky* | */s/ John J. Bursch* |
| 45 North Hill Drive, S 100 | 9339 Cherry Valley Ave. SE, #78 |
| Warrenton, Virginia 20106 | Caledonia, Michigan 49316 |
| (540) 341-8800 | (616) 450-4235 |
| JTorchinsky@hvjt.law | jbursch@burschlaw.com |
| *Attorney for Plaintiffs* | *Attorney for Plaintiffs* |

**Doster Law Offices, PLLC**

*/s/ Eric E. Doster*
2145 Commons Parkway
Okemos, MI 48864
(517) 977-0147
eric@ericdoster.com
  *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants on November 7, 2019.

*/s/ John J. Bursch*

Attorney for Plaintiffs